UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 09-14(DSD/JJG)

United States of America,

        Plaintiff,

v.                                                **ORDER**

Lucio Vasquez,

        Defendant.


This matter is before the court on the government's motion for revocation of Magistrate Judge Jeanne J. Graham's January 6, 2009, release order.[1]  Defendant Lucio Vasquez ("Vasquez") is in custody on a criminal indictment for unlawful reentry to the United States in violation of 8 U.S.C. § 1362(a), (b)(2).[2]  On January 6, 2009, the magistrate judge ordered Vasquez released subject to certain terms and conditions but stayed his release until January 15.  The government filed the instant motion on January 14, and the court ordered defendant's continued detention until a hearing on the motion.  A hearing was held on January 20.

---

[1] The government entitles its motion, "Government Appeal of Release Order." (Doc. No. 7.)  The court construes this document as a motion for revocation of the release order pursuant to 18 U.S.C. § 3145(a)(1).

[2] Vasquez, a citizen of Mexico, was convicted of separate drug offenses on June 9, 2000, in Hennepin County, Minnesota and on May 19, 2003, in Cass County, Nebraska.  Defendant was deported to Mexico on February 17, 2004.

Pursuant to 18 U.S.C. § 3145(a)(1), the government may file a motion for revocation of a magistrate judge's release order with the court having original jurisdiction over the offense. The court reviews the magistrate judge's release order de novo. United States v. Maull, 773 F.2d 1479, 1481 (8th Cir. 1985).

Pretrial detention is required if there are no conditions of release that can "reasonably assure the appearance of the person as required and the safety of any other person and the community." See 18 U.S.C. § 3142(e). In determining whether such conditions exist, the court considers the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. See id. at § 3142(g).

The government argues that no conditions will reasonably assure the appearance of Vasquez at trial because he is an aggravated felon subject to an outstanding deportation order. See 8 U.S.C. § 1226(c)(1)(B) (alien convicted of aggravated felony must be taken into custody and deported without regard to release on parole). Vasquez responds that he poses neither a flight risk nor a danger to the community, and that the court may not consider the possibility of deportation as a factor in deciding whether his detention is warranted.

The court has considered the four factors set forth in § 3142(g), and determines that no condition or combination of conditions will reasonably assure defendant's appearance at future proceedings or the safety of the community.  Specifically, the court determines that Vasquez presents a danger to the community due to his prior drug convictions.  Further, § 3142(e) seeks to assure a defendant's appearance at further proceedings.  Therefore, the court considers the effect of Vasquez's outstanding deportation order and determines that he presents a risk of nonappearance because he is currently in the United States illegally, has been deported once before and is subject to a pending deportation order.  Accordingly, based upon these factors, the January 20, 2009, hearing and the parties' submissions, **IT IS HEREBY ORDERED** that the government's motion [Doc. No. 7] is granted.  Vasquez shall remain in the custody of the United States Marshal pending trial.

Dated:   January 21, 2009

s/David S. Doty
David S. Doty, Judge
United States District Court